On January 8, 1947, at about 12:45 o'clock P. M., a collision occurred on U.S. Highway 90, at a point four miles east of Houma between a truck being driven by Harold Verret and owned by Louis Saia, doing business as Saia Motor Freight Line, and a truck owned by Butane Gas Company, Inc., and being driven by Johnny A. Bergeron. As a result of the collision Johnny A. Bergeron was killed, and his widow, Mrs. Nell Thibodaux Bergeron, has filed this suit *Page 867 
on her behalf, individually, and as the natural tutrix of her three minor children, born of said marriage, to-wit: Catherine Mary Bergeron, born February 9, 1931; Nell Rita Bergeron, born November 26, 1933; and Charles Francis Bergeron, born on May 22, 1937, alleging that the accident and resultant death of her husband was caused solely by the gross negligence of Harold Verret, the driver of the Saia truck, while in the course and scope of his employment by Saia. She brings her suit against Louis Saia and his driver, Harold Verret, and against Continental Casualty Company of Chicago, public liability insurer of the Saia truck. The limit of liability of the insurer of Saia is admitted to be in the sum of $10,000.00. In the suit, there was an intervention filed on behalf of Massachusetts Bonding and Insurance Company of Boston, Massachusetts, the compensation insurer of the Butane Company, in which it is shown that it paid, under the terms of the compensation laws, the maximum amount of $300.00 for funeral expenses, and since the date of the death of Johnny Bergeron, it has been paying to the widow, individually, and on behalf of the three minor children compensation at the rate of $20.00 per week, and will continue to pay said compensation for a period of 300 weeks, and consequently the said compensation carrier prays to be subrogated for said amount paid in the event of judgment on behalf of plaintiff herein.
The petition of Mrs. Bergeron sets forth that her deceased husband was driving a Butane Gas Company, Inc., truck on the right lane of the paved strip of U.S. Highway 90 in the direction of Raceland, Louisiana, at a moderate, reasonable and safe rate of speed when he became aware of some impending danger, and gradually slowed down and pulled to his right, leaving said paved strip entirely and not returning to said strip for a period of some 50 or 60 feet before the actual impact resulting in his death; that defendant Harold Verret was at the time operating the Saia truck on said highway and driving in the direction of Houma, Louisiana, or in the opposite direction to that in which deceased was driving; that said defendant Verret caused the Saia truck to crash into the truck driven by deceased at a time when the truck driven by the deceased was entirely on the shoulder of the highway adjacent to his own proper lane of traffic, and at a time when the truck of the deceased had continuously run along said shoulder of the highway for a distance of about 60 feet; that defendant Verret was not keeping a proper lookout, was not keeping his truck under proper control; could see the oncoming traffic, namely, the truck of deceased, and that had Verret been keeping a proper lookout, or had been driving properly, the accident would not have happened, but that in total disregard to the rights or privileges of others, Verret recklessly and negligently operated Saia's truck in such a manner as to cause a collision with the deceased, resulting in his death, and thus causing damage to petitioner, individually, and to her minor children.
Petitioner itemizes her damages on her own behalf in the sum of $15,000.00 for loss of support (further alleging that her husband had a life expectancy of 25 years, and monthly income at the time of his death of $240.00); for loss of companionship in the sum of $5,000.00; for loss of love and affection in the sum of $5,000.00; and funeral expenses, $555.50; and on behalf of Catherine Mary Bergeron, the sum of $10,500.00, being $3,500.00 for loss of support and for loss of love, affection and guidance, $7,000.00; on behalf of Nell Rita Bergeron, the sum of $13,000.00, being $5,000.00 for loss of support and $8,000.00 for loss of love and affection and guidance; on behalf of Charles Francis Bergeron, the sum of $18,000.00, being $10,000.00 for loss of support, and $8,000.00 for loss of love, affection and guidance.
Defendants in answer admitted that the accident occurred at the time and place alleged and between the truck of Louis Saia being driven by Harold Verret in the course of his employment, and the Butane truck being driven by the deceased, Johnny A. Bergeron. They also admit that as a result of the collision Johnny A. Bergeron was killed. However, they deny that the accident was caused by any negligence on the part of Harold Verret, and allege that the deceased was driving his large Butane truck at a fast speed and was not observing and keeping a proper lookout for oncoming traffic, both or either of which were the proximate cause *Page 868 
of his death; that because of his failure to keep a proper lookout, he crossed the center line of the pavement and struck the truck driven by defendant Harold Verret, which was completely on its proper side of the highway, causing the said truck to leave the travelled portion of the highway, and turn over into the ditch next to said highway; that said truck was practically destroyed. In the alternative, in the event that the Court should find that defendant Verret was guilty of negligence, the defendants plead contributory negligence on the part of the deceased, Johnny A. Bergeron, particularly (a) that he was travelling at an excessive rate of speed in view of the wet pavement and of the large trailer tank attached to his truck, and, (b) that he was not keeping a proper lookout for the oncoming traffic.
After trial of the case the trial court rendered judgment in favor of plaintiff, individually, in the sum of $12,055.50, and on behalf of Catherine Mary Bergeron, in the sum of $4,000.00; and on behalf of Nell Rita Bergeron, in the sum of $6,000.00, and on behalf of Charles Francis Bergeron, in the sum of $9,500.00 with legal interest from date of judicial demand, December 6, 1947, and all costs, said judgment to be jointly and in solido against Louis Saia, doing business in the name of Saia Freight Line, Continental Casualty Company of Chicago, and Harold Verret, the liability of Continental Casualty Company being limited to the sum of $10,000.00. The judgment further provides that there be judgment for the intervenor, the Massachusetts Bonding and Insurance Company, for the amounts paid by it of burial expenses and for compensation, plus $50.00 for an attorney fee and legal interest from December 6, 1947. From this judgment the defendants have appealed. Plaintiff, individually and as tutrix to her minors, has answered the appeal, praying that the awards be substantially increased.
In support of his judgment the trial judge has favored us with a memorandum of reasons for finding liability against the driver of the Saia truck. The main reason cited by him is the point of impact and the location of the respective cars after the actual collision. He points out in his reasons that there is one point which is not in dispute, and that is the location of the tire tracks of the Butane truck along the shoulder of the highway from the point of impact to the stopping place of the Butane truck. As observed by him, the testimony is unanimous to the effect that prior to the collision the Butane truck left the highway on its right hand side and that the dual right wheels of the said truck continued on the right shoulder and could be clearly perceived for a distance of 50 or 60 feet prior to the actual collision with the Saia truck. It is also shown by a large preponderance of the evidence that practically all the debris from the collision was on the side of the highway of the Butane truck.
The record has the testimony of Harold Dean, who actually saw the collision from his rear view mirror and he states that just prior thereto, while travelling towards Houma he passed the Saia truck and thereafter passed a slow-moving Model A. Ford Coupe, and that after passing the Ford he saw the Butane truck coming from the opposite direction at a speed of about 50 miles per hour and that he noticed that the driver of the Butane truck pulled over to his right and began to blow his horn, and practically at the same time he perceived the Saia truck trying to pass the slow moving Ford, which was ahead of it, and, in effect, that in this maneuver the driver of the Saia truck lost control of his vehicle and came on over into the lane of travel in which the Butane truck was travelling and collided with it. From the testimony of witnesses who appeared immediately after the accident, the testimony of Harold Dean and the physical facts themselves, especially the fact that the tire tracks of the Butane truck clearly show that for a distance of 50 or 60 feet immediately prior to the collision it was travelling partly on its right shoulder, we cannot help but conclude that the accident was solely caused by the negligence of the defendant Harold Verret in leaving his lane of travel and proceeding onto the lane of travel of the deceased. We are convinced that the trial judge was entirely correct in finding liability on the part of the defendants herein, and absolving the decedent of any negligence. *Page 869 
As to the quantum of damages to be allowed, we fully realize that the widow and minor children cannot be fully compensated for the unfortunate loss of their husband and father by any money judgment, but we have heretofore followed certain rules in trying to give substantial justice to all parties concerned in these unfortunate accidents. The deceased husband and father was instantly killed, was forty-two years of age and earning $240.00 a month. In the case of Wright et al. v. Texas N. O. R. Co. et al.; La. App., 19 So.2d 894, a case somewhat similar to the case at bar, and wherein the deceased was 36 years of age and earning a very good salary at the time of his death, we awarded the widow $3,000.00, plus her actual expenses, and $1,000.00 to each of the minors, there being three minors, or a total of $6,000.00. That case was decided in 1944, so that there has not been any great depreciation in the value of the dollar since that decision. In that case, we not only took into consideration the depletion of the value of the dollar, but also took into consideration the ability of the defendant to respond in damages. However, in the case at bar, since the widow is receiving compensation at the rate of $20.00 per week and will be receiving that for a period of not exceeding 300 weeks, we should also consider this fact in computing the amount to be awarded the widow and her minor children. Therefore, the damages should be considerably higher than in the cited case. The defendant Louis Saia carried only $10,000.00 of liability insurance. His testimony shows that he is a man of limited means and has a limited ability to pay any damages in excess of the amount of his insurance. Considering all these factors, we find that the awards made by the trial court are excessive and we have decided to fix the award in favor of the widow at the sum of $10,000.00 plus the funeral expenses of $555.00 actually paid by her, and the sum of $2,500.00 to each of the said minor children. The judgment will be amended accordingly.
For these reasons, it is ordered that the judgment appealed from be amended by reducing the award of Mrs. Nell Thibodaux Bergeron to the sum of $10,550.00, and by reducing the awards made to the three minors to the sum of $2,500.00 to each of said minors, and as thus amended the judgment stands affirmed; the costs of this appeal to be paid by appellee and all other costs to be paid by defendants.